IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARMEN RIVERA, Administratrix of the Estate of Alphie Herrera, Deceased,

Plaintiff

v.

LEHIGH COUNTY; and JOHN DOES 1-10, (Certain Unidentified Lehigh County Prison Corrections Officers);

Defendants

Civil Action No. 13-cv-04748

FILED
DEC - 2 2015
MICHAEL E. KUNZ, Clerk
By ______ Dep. Clerk

* * *

CARMEN RIVERA, Administratrix of the Estate of Alphie Herrera, Deceased,

Plaintiff

v.

SGT. JOHN URBAN; C.O. SCOTT REYNOLDS; C.O. ERIC NEWHALL; C.O. MICHAEL DAILEY; C.O. ANGEL RODRIGUEZ; and SGT. CLINE,

Defendants

Civil Action No. 14-cv-03883

O R D E R

NOW, this 2nd day of December, 2015, upon consideration of:

(1) Plaintiff's Motion in Limine to Preclude Evidence Concerning Alphie Herrera's Drug Use filed August 7, 2015 (Document 37, 14-cv-03883[1]); together with

[1] The docket number is provided, as here, only where a document to which I refer was filed only on one docket of these two consolidated actions. In all other cases, I refer to documents by the corresponding document number in Civil Action No. 13-cv-04748.

      (a) Plaintiff's Memorandum of Law in Support of Her Motion in Limine to Preclude Evidence Suggesting that Alphie Herrera[] Used Illegal Drugs;

(b) Exhibits "A" to "C" (Documents 37-1 to 37-3);

(2) Defendants' Motion in Opposition to Plaintiff's Motion in Limine to Preclude Evidence of Alphie Herrera's Use of Illegal Drugs, which motion in opposition was filed August 21, 2015 (Document 39, 14-cv-03883); together with

(a) Defendants' Brief in Opposition to Plaintiff's Motion in Limine to Preclude Evidence of Alphie Herrera's Use of Illegal Drugs;

(b) Exhibits "1" to "11" (Documents 39-1 to 39-2);

(3) Plaintiff's Motion in Limine to Preclude Evidence Concerning Prior Criminal Convictions/Bad Acts filed September 1, 2015 (Document 40, 14-cv-03883); together with

(a) Plaintiff's Memorandum of Law in Support of Her Motion in Limine to Preclude Evidence Concerning Prior Criminal Arrests/Convict-ions of Plaintiff and Named Beneficiaries;

(b) Exhibits "A" to "C" (Documents 40-1 to 40-3);

(4) Defendants' Motion in Opposition to Plaintiff's Motion in Limine to Preclude Evidence Concerning Prior Criminal Convictions/Bad Acts, which motion in opposition was filed September 8, 2015 (Document 43, 14-cv-03883); together with

(a) Defendants' Brief in Opposition to Plaintiff's Motion in Limine to Preclude Evidence Concerning Prior Criminal Convictions/Bad Acts;

      (b) Exhibits "1" to "7" (Document 43-1);

(5) Defendants' Motion in Limine to Preclude Evidence and Testimony of Other Inmate Deaths and Suits Involving Lehigh County Jail filed September 8, 2015 (Document 56); together with

(a) Brief in Support of Defendants' Motion in Limine to Preclude Evidence and Testimony of Other Inmate Deaths and Suits Involving Lehigh County Jail;

(6) Plaintiff's Response in Opposition to Defendats' [sic] Motion in Limine to Preclude Evidence of Prior Inmate Deaths, which response was filed September 22, 2015 (Document 65); together with

(a) Memorandum of Law in Support of Plaintiff's Response in Opposition to Defendants' Motion in Limine to Preclue [sic] Evidence of [] Prior Inmate Deaths;

(b) Exhibits "A" to "I" (Documents 65-1 to 65-9);

(7) Defendants' Motion in Limine to Preclude Evidence and Testimony as to Training Provided After February 27, 2013 filed September 9, 2015 (Document 57); together with

(a) Brief in Support of Defendants' Motion in Limine to Preclude Evidence and Testimony as to Training Provided After February 27, 2013;

(b) Exhibits "A" to "C" (Document 57-1);

(8) Plaintiff's Response in Opposition to Defendats' [sic] Motion in Limine to Preclude Evidence of Seizure Training After February 27, 2013, which response was filed September 19, 2015 (Document 64); together with

(a) Memorandum of Law in Support of Plaintiff's Response in Opposition to Defendants' Motion in Limine to Preclue [sic] Evidence of Seizure Training After February 27, 2013;

      (b)  Exhibits "A" to "G" (Documents 64-1 to 64-7);

(9)  Defendants' Motion for Leave to File a Reply Brief, which motion was filed September 24, 2015 (Document 66); together with

      (a)  Exhibit "A": Defendants' Reply Brief in Support of Defendants' Motion in Limine to Preclude Evidence and Testimony as to Training Provided After February 27, 2013;

      (b)  Exhibits "B" to "E" (Document 66-1); and

(10)  Defendants' Motion for Leave to File a Reply Brief, which motion was filed September 29, 2015 (Document 68); together with

      (a)  Exhibit "A": Defendants' Reply Brief in Support of Defendants' Motion in Limine to Preclude Evidence and Testimony as to Other Inmate Deaths and Suits Involving Lehigh County Jail;

and for the reasons expressed in the accompanying Opinion,

IT IS ORDERED that Plaintiff's Motion in Limine to Preclude Evidence Concerning Alphie Herrera's Drug Use is denied.

IT IS FURTHER ORDERED that Defendants' Motion in Opposition to Plaintiff's Motion in Limine to Preclude Evidence of Alphie Herrera's Use of Illegal Drugs is granted.

IT IS FURTHER ORDERED that evidence and testimony concerning Alphie Herrera, Sr.'s prior drug use is admissible only in the damages portion of this bifurcated trial.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine to Preclude Evidence Concerning Prior Criminal Convictions/Bad Acts is denied.

IT IS FURTHER ORDERED that Defendant's Motion in Opposition to Plaintiff's Motion in Limine to Preclude Evidence Concerning Prior Criminal Convictions/Bad Acts is granted.

IT IS FURTHER ORDERED that evidence and testimony concerning prior criminal convictions consistent with the Opinion accompanying this Order is admissible only in the damages portion of this bifurcated trial.

IT IS FURTHER ORDERED that Defendants' Motion in Limine to Preclude Evidence and Testimony of Other Inmate Deaths and Suits Involving Lehigh County Jail is granted in part and denied in part.

IT IS FURTHER ORDERED that Defendant's Motion in Limine to Preclude Other Inmate Deaths and Suits Involving Lehigh County Jail is granted concerning the deaths of inmates Travis Magditch and Joan Samuels, and denied concerning the death of inmate David Campbell.

IT IS FURTHER ORDERED that evidence and testimony concerning the death of David Campbell while an inmate at Lehigh County Prison is admissible in both the liability and damages phases of this bifurcated trial.

IT IS FURTHER ORDERED that Defendants' Motion in Limine to Preclude Evidence and Testimony as to Training Provided After February 27, 2013 is denied.

IT IS FURTHER ORDERED that evidence and testimony concerning training provided to prison staff by defendant Lehigh County after February 27, 2013 concerning restraint of medically compromised prisoners is admissible in both the liability and damages phases of this bifurcated trial.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File a Reply Brief, which motion was filed September 24, 2015 (Document 66), is granted as unopposed.

IT IS FURTHER ORDERED that the Clerk of Court is directed to file Defendants' Reply Brief in Support of Defendants' Motion in Limine to Preclude Evidence and Testimony as to Training Provided After February 27, 2013, which is attached as Exhibit A to Defendants' Motion for Leave to File a Reply Brief, filed September 24, 2015 (Document 66).

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File a Reply Brief, which motion was filed September 29, 2015 (Document 68), is granted as unopposed.

IT IS FURTHER ORDERED that the Clerk of Court is directed to file Defendants' Reply Brief in Support of Defendants' Motion in Limine to Preclude Evidence and Testimony as to Other Inmate Deaths and Suits Involving Lehigh County

Jail, which is attached as Exhibit A to Defendant's Motion for Leave to File a Reply Brief, filed September 29, 2015 (Document 68).

BY THE COURT:

James Knoll Gardner
United States District Judge